UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JASON GARIBALDI,

                                  Plaintiff,

                                                                               <u>DECISION AND ORDER</u>

                                                                               05-CV-6075L

                 v.

ANIXTER, INC., et al.,

                                  Defendants.
_____

Plaintiff, Jason Garibaldi ("plaintiff"), commenced this action *pro se* against his former employer, defendant Anixter, Inc. ("Anixter"), for alleged disability discrimination in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112-12117, as amended ("ADA"). Plaintiff has also sued four individual Anixter employees, Gary Volk, Rick Storie, Steve Schiarabba, and Dave Passarel (collectively, the "individual defendants"), and they are named as defendants in the complaint.

Plaintiff alleges that he became disabled after suffering a work-related injury to his eye in 2002. He claims that, based on this disability, he was subjected to disparate treatment and a hostile work environment. Plaintiff alleges that defendants Sciarabba and Passarel, plaintiff's co-workers, repeatedly subjected him to disability-based verbal harassment. He also claims that defendant Storie,

his immediate supervisor, failed to intervene to stop the alleged harassment, and then discriminated against him by cutting his work hours and improperly citing him for work errors.  Lastly, plaintiff claims that he was terminated by the facility manager, defendant Volk, in retaliation for complaining about discrimination at Anixter and for filing an EEOC complaint.

The individual defendants now move to dismiss the complaint pursuant to FED. R. CIV. P. 12(b)(6) for failure to state a claim upon which relief can be granted.  (Dkt. #7).  They argue that there is no individual liability under the ADA.  I agree.

It is well-settled in the Second Circuit that individual employees, including supervisors, cannot be held personally liable for violations of the ADA. *Corr v. MTA Long Island Bus.*, 199 F.3d 121 (2d Cir.1999) (Table, text in Westlaw at 1999 WL 980960)(affirming summary judgment against plaintiff and holding that "there is no right of recovery against individual defendants under the ADA"); *see also Bliss v. Rochester City Sch. Dist.*, 196 F.Supp.2d 314, 339 (W.D.N.Y.2002), *aff'd* 103 Fed.Appx. 421 (2d Cir. Jun. 09, 2004) (dismissing, *inter alia*, ADA claims asserted against individual defendants); *Hallet v. New York State Dep't of Corr. Servs.*, 109 F.Supp.2d 190, 199 (S.D.N.Y.2000); *cf. Tomka v. Seiler Corp.*, 66 F.3d 1295, 1321 (2d Cir.1995).

In opposition to dismissal, plaintiff makes certain factual allegations regarding the nature of the alleged discriminatory conduct by the individual defendants.  These arguments are not relevant to the defendants' motion.  Although dismissal of the individual defendants as a matter of law is warranted, Anixter may still be liable under the ADA for the discriminatory actions of plaintiff's co-workers and supervisors.  *See Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742 (1998).  Therefore,

plaintiff's claims against Anixter that are based on the individual defendants' conduct will still go forward as part of this action.

Plaintiff also argues that dismissal of the individual defendants is unwarranted and that defendants' argument lacks merit because his complaint asserts claims based not only on the ADA, but also on "the Civil Rights Act of 1964 & other such anti-discrimination statutes enforced by the EEOC." (Dkt. #22). I find that, even read broadly, plaintiff's complaint alleges claims based only on the ADA, and not Title VII or any other discrimination statute.[1] In any event, as defendants correctly point out, there is no individual liability under *any* of the federal anti-discrimination statutes, including Title VII, the ADA, and the ADEA. *See Bliss*, 196 F.Supp.2d at 339. Therefore, even assuming that plaintiff had pleaded other federal discrimination claims, dismissal of the individual defendants would still be warranted.

## CONCLUSION

The individual defendants' motion to dismiss (Dkt. #7) is granted.

All claims against Gary Volk, Rick Storie, Steve Schiarabba, and Dave Passarel are dismissed with prejudice.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       January 4, 2006.

---

[1] Furthermore, the ADA claim is the only claim plaintiff raised with the EEOC.