UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JASON GARIBALDI,

                              Plaintiff,

                                                                          <u>DECISION AND ORDER</u>

                                                                                 05-CV-6075L

                         v.

ANIXTER, INC.,

                              Defendant.
_____

       In February 2005, plaintiff commenced this disability discrimination action *pro se* against his former employer, defendant Anixter, Inc. ("Anixter"). On March 10, 2006, plaintiff filed a document entitled "Motion for Summary Judgment." (Dkt. #31).

       Plaintiff's motion is denied, without prejudice, for several reasons.

       First, plaintiff's motion does not comply with the requirements of Local Rules of Federal Procedure 7.1(e) or 56.1. Those Rules mandate that a party filing a motion for summary judgment must file, at minimum, a memorandum of law, an affidavit in support of the motion, and a statement of the material facts as to which there is no genuine issue of fact to be tried. Plaintiff has failed to file any such documents.

       Second, the motion is premature. On March 3, 2006, following a conference with the parties, Magistrate Judge Jonathan W. Feldman issued an Order pursuant to Fed. R. Civ. P. 16 setting forth a schedule for the exchange of discovery. Plaintiff's deposition is scheduled for June 30, 2006. Plaintiff has been given permission to serve interrogatories on Anixter and certain individual coworkers and managers. Factual discovery is to completed on or before July 28, 2006. Dispositive motions, including motions for summary judgment, are to be filed on or before September 29, 2006.

       Plaintiff, however, filed the instant motion just one week after Magistrate Judge Feldman entered the Scheduling Order. The principal basis for plaintiff's motion is his contention that, to

date, Anixter has failed to produce any evidence to "refute" plaintiff's allegations regarding the conditions of his employment. Consequently, he argues, judgment as a matter of law in his favor is warranted. Discovery, however, has just begun. At this juncture, then, neither party can fully prepare nor defend a dispositive motion.

This is perhaps made most apparent by examining plaintiff's motion, and the Court's third reason for denying it. Plaintiff has failed to demonstrate that he is entitled to judgment as a matter of law pursuant to Fed. R. Civ. P. 56. His motion, which consists solely of an unsworn four page statement that is not in admissible form, does not demonstrate the absence of any material issue of fact regarding his alleged disability, the conditions of his employment, or the circumstances of his termination. Plaintiff has not come forward with admissible evidence, including affidavits, other pleadings, depositions, or answers to interrogatories, that show that he is entitled to judgment as a matter of law in accordance with Rule 56. Summary judgment, therefore, is not warranted.

## CONCLUSION

Plaintiff's motion for summary judgment (Dkt. #31) is denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       March 21, 2006.