UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JASON GARIBALDI,

                                     Plaintiff,

                                                                           <u>DECISION AND ORDER</u>

                                                                               05-CV-6075L

                 v.

ANIXTER, INC.,

                                     Defendant.
_____

Plaintiff Jason Garibaldi, appearing *pro se*, commenced this action against his former employer, defendant corporation Anixter, Inc. ("Anixter") and several of its employees under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans with Disabilities Act of 1990 ("ADA"). Plaintiff alleges that, following an injury he sustained while employed by Anixter, he was discriminated and retaliated against by defendants in violation of Title VII and the ADA. Additionally, plaintiff alleges that Anixter was in violation of the Occupational Safety and Health Administration ("OSHA") regulations and that his injury was caused by Anixter's negligence related to the violation of OSHA regulations.[1]

---

[1] Although the Complaint filed by plaintiff contains no clear negligence claim, plaintiff's subsequent filings, including a separate complaint against defendant (Dkt. #70), plaintiff's answers to Interrogatories (Dkt. #34) and other filings (Dkt. #64, Ex. 1, #70, #72) refer to and purport to describe a negligence claim. To the extent that these filings may be read as an attempt to assert a negligence claim, that claim must be dismissed, as discussed in detail, *infra*. For the same reason, while leave to amend a complaint is to be freely given under ordinary circumstances, such leave would be futile here. *See generally* Fed. R. Civ. Proc. 15(a); *Joblove v. Barr Labs. Inc.*, 466 F.3d 187, 220 (2d Cir. 2006) (denial of leave to amend is proper where

(continued...)

Anixter has moved for partial summary judgment on plaintiff's negligence claim. (Dkt. #66). For the reasons that follow, Anixter's motion is granted and plaintiff's negligence claim against Anixter is dismissed.

## FACTUAL BACKGROUND

Plaintiff was employed by Anixter, a corporation which maintains a shipping and receiving warehouse in Rochester, New York, from November 2000 to November 2004. (Dkt. #70 at 14). Plaintiff worked primarily in the warehouse as a "Receiving Employee." (Dkt. #70 at 14). In addition to receiving, the employees at the Rochester warehouse performed other tasks including "cutting" and "shipping." (Dkt. #67 at 1).

On June 7, 2002, plaintiff sustained severe and permanent injuries to his left eye while performing cutting work at the warehouse.    Thereafter, plaintiff underwent several surgeries to treat his injury, initially missing seven weeks of work and later missing several more in order to undergo additional medical procedures. (Dkt. #70).

It is undisputed that plaintiff applied for and received workers' compensation benefits through an insurance policy maintained by Anixter. Plaintiff's medical bills related to the injury were paid for by workers' compensation and additionally, plaintiff received "permanent partial disability" benefits and "temporary total disability" benefits. (Dkt. #64, #70)

---

[1](...continued)
amendment would be futile); *Yaba v. Cadwalader, Wickersham & Taft,* 931 F. Supp 271, 275 (S.D.N.Y. 1996) (leave to amend complaint to add negligence claim by injured worker must be denied, because Workers' Compensation exclusivity renders such claims futile).

The bases for plaintiff's negligence claim against Anixter are that Anixter allegedly failed to properly train him for the task of cutting, and to provide him with the proper protective equipment, specifically safety goggles. Additionally, plaintiff alleges that the nail supplied to him by Anixter upon which he injured himself was faulty.

**DISCUSSION**

I. Summary Judgment Standard

Rule 56(c) provides that a moving party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The Court's role in determining a motion for summary judgment is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id*. When considering a motion for summary judgment, the Court must draw inferences from underlying facts "in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)).

Where the party opposing summary judgment is proceeding *pro se*, the Court must "read the pleadings ... liberally and interpret them to raise the strongest arguments that they suggest." *Corcoran v. New York Power Auth.*, 202 F.3d 530, 536 (2d Cir.1999). Nevertheless, "proceeding *pro se* does not otherwise relieve [opposing party] from the usual requirements of summary

judgment." *Fitzpatrick v. N.Y. Cornell Hosp.*, No. 00-Civ.-8594(LAP), 2002 U.S. Dist. LEXIS 25166, at *5 (S.D.N.Y. Jan. 9, 2003). *See also Stinson v. Sheriff's Dep't of Sullivan County*, 499 F. Supp. 259, 262 (S.D.N.Y.1980) (holding that the liberal standard accorded to *pro se* pleadings "is not without limits, and all normal rules of pleading are not absolutely suspended").

II.  Defendant's Motion For Partial Summary Judgment On the Negligence Claim

Defendant Anixter moves for partial summary judgment on plaintiff's negligence claim on the grounds that such a claim is barred by the doctrine of workers' compensation exclusivity.

I agree. Plaintiff is barred from asserting his negligence claim due to the exclusivity of his workers' compensation remedy. *Merritt v. Shuttle, Inc.*, 13 F. Supp. 2d 371, 387 (E.D.N.Y 1998). *See also Burlew v. Am. Mut. Ins. Co.*, 63 N.Y.2d 412, 416 (N.Y. 1984) (workers' compensation is intended to be the exclusive remedy for work-related injuries). New York's Workers' Compensation Law provides:

> The liability of an employer prescribed by the last preceding section shall be exclusive and in place of any other liability whatsoever, to such employee...on account of such injury or death or liability arising therefrom, except that if an employer fails to secure the payment of compensation for his or her injured employees and their dependents as provided in section fifty of this chapter, an injured employee...

N.Y. Workers' Comp. Law §11

Exceptions to the exclusive remedy provision of the Workers' Compensation law are limited to circumstances in which the employer failed to secure workers'compensation insurance or intentionally injured the employee. *Hill v. Delta Int'l Mach. Corp.*, 386 F. Supp. 2d 427, 432

(S.D.N.Y. 2005) (citing *Burlew*, 472 N.E.2d at 684; *Patterson v. Salvation Army*, 610 N.Y.S 2d 42, 43 (1st Dep't 1994)).

With respect to the first exception, it is undisputed that plaintiff did indeed receive workers' compensation benefits through Anixter's insurance policy. With respect to the second exception, plaintiff makes no attempt to establish an intentional tort that will overcome the Workers' Compensation Law exclusivity provision. Although plaintiff generally alleges that his eye injury was caused by Anixter's "stupidity, laziness and total disregard to all safety policies and precautions" (Dkt. #72 at 2), he does not allege, nor does the record support any intentional conduct by Anixter relative to plaintiff's injury. *Merritt*, 13 F. Supp. 2d at 387.

Accordingly, plaintiff's negligence claim is barred and Anixter's motion for partial summary judgment is granted.

## CONCLUSION

Anixter's motion for partial summary judgment is granted (Dkt. #66) and plaintiff's negligence claim is dismissed. Plaintiff's motion for appointment of counsel (Dkt. #60) is denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
      July 5, 2007.