UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JASON GARIBALDI,

                Plaintiff,

                                                         <u>DECISION AND ORDER</u>

                                                             05-CV-6075L

                v.

ANIXTER, INC.,

                Defendant.
_____

Plaintiff Jason Garibaldi, appearing *pro se*, commenced this action against his former employer, defendant corporation Anixter, Inc. ("Anixter") and several of its employees, alleging causes of action for discrimination and retaliation pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans with Disabilities Act of 1990 ("ADA"), as well as a claim for personal injury as a result of Anixter's alleged negligence. In September 2007, the Court dismissed the entire action, after being advised that the parties had settled the matter.

Anixter now moves to compel enforcement of the settlement agreement -- an oral one -- between the parties. Garibaldi does not dispute that there was an oral settlement, but now claims that he is entitled to a greater sum of money because he claims the payment due him was to be tax free, that is, Garibaldi would not be responsible for any income taxes on the settlement. Anixter disputes that it ever agreed to such a provision. Because I believe the record clearly supports Anixter, I grant Anixter's motion to compel enforcement of the oral settlement for $70,000.

## FACTUAL BACKGROUND

In July of 2006, midway through discovery in this matter, Anixter initiated settlement discussions with Garibaldi through its then-counsel, Martin Harris ("Harris"). During those discussions, Garibaldi told Harris that he would not settle the case unless he could be assured that

any settlement payment he might receive would be paid to him without tax implications. Anixter maintains now that it never agreed to such a "tax-free" term during these 2006 settlement discussions, but both sides agree that at sometime during the Fall of 2006 this round of settlement negotiations concluded without the parties having reached any agreement.

On September 29, 2006, Anixter filed a motion for partial summary judgment dismissing Garibaldi's negligence claim. (Dkt. #66). On July 5, 2007, the Court granted Anixter's motion and dismissed Garibaldi's negligence claim with prejudice. (Dkt. #76). Apparently, during the time the motion was pending, the parties had no settlement discussions.

Following the dismissal of Garibaldi's negligence claim, a different lawyer for Anixter, Terence P. Smith ("Smith"), contacted Garibaldi and initiated a new round of settlement discussions, pertaining to Garibaldi's remaining claims. On or about August 6, 2007, Smith telephoned Garibaldi and offered to settle the matter for a single $40,000 payment, in return for Garibaldi's dismissal of the underlying and action and release of all claims. Garibaldi counter-offered, via a voicemail message stating that he would accept $75,000 to resolve the case.

Between August 7 and August 17, 2007, Garibaldi and Smith continued to trade counter-offers concerning the amount Anixter would pay to settle the matter, and Garibaldi represented that although he was loathe to accept less than $75,000, he would settle the matter for $70,000. On August 17, 2007, Smith called Garibaldi and told him that Anixter would increase its offer to $65,000. On August 19, 2007, Garibaldi left a voicemail for Smith rejecting the $65,000 offer and reiterating that he would settle the matter for $70,000.

On August 22, 2007, Smith called Garibaldi and informed him that Anixter had accepted Garibaldi's settlement offer, and would pay $70,000 to settle the case. Smith retained the Rochester, New York-based Adair Law Firm to serve as local counsel, and forwarded to them a settlement check for Garibaldi in the amount of $70,000 and a tax Form-1099 to accompany it. Smith simultaneously sent Garibaldi a written Settlement Agreement and Release of Claims ("Settlement Agreement") for his signature, and informed the Court that the parties had reached a settlement.

On September 17, 2007, Garibaldi left a message for Smith requesting clarification of one of the terms described in the Settlement Agreement, and asked that Smith correct a typographical error in Garibaldi's mailing address in order to streamline the cashing of his check. Garibaldi further mentioned that he had recently received a tax-free Workers' Compensation check, and stated that he believed that he should also receive his settlement payments from Anixter tax-free, a proposal he had made to Smith's colleague, Harris, fourteen months prior.

On September 21, 2007, Smith wrote to Garibaldi and rejected Garibaldi's assertion that the settlement should be tax-free. Smith noted that he and Garibaldi had **never** discussed the inclusion of a "tax-free" term in reaching the oral agreement, and suggested that Garibaldi meet with the local counsel to execute the Settlement Agreement and collect his check.

On September 25, 2007, Garibaldi left a voicemail for Smith, indicating that he refused to sign the Settlement Agreement because he was unwilling to pay taxes on the settlement. To date, Garibaldi has not signed the Settlement Agreement or claimed his check for the $70,000 settlement amount.

## DISCUSSION

"A settlement agreement is a contract that is interpreted according to general principles of contract law. Once entered into, the contract is binding and conclusive." *Powell v. Omnicom, BBDO/PHD*, 497 F.3d 124, 128 (2d Cir. 2007). A district court "has the power to enforce summarily, on motion, a settlement agreement reached in a case . . . pending before it." *Delyanis v. Dyna-Empire, Inc.*, 465 F. Supp. 2d 170, 173 (E.D.N.Y. 2006). *See also Hostcentric Technologies, Inc. v. Republic Thunderbolt, LLC*, 2005 U.S. LEXIS 11130 (S.D.N.Y. 2005); *Sorensen v. Consolidated Rail Corp.*, 992 F. Supp. 146 (N.D.N.Y. 1998). A "preliminary" oral agreement, entered into in anticipation of a later writing memorializing its terms, is no less binding than a written agreement, so long as the parties have not expressly reserved the right not to be bound in the absence of a writing. *See Delyanis*, 465 F. Supp. 2d 170 at 173-174.

Anixter urges the Court to compel enforcement of the terms of the oral settlement agreement, as described in Garibaldi's contemporaneous voicemails and memorialized in the written Settlement Agreement, and require Garibaldi to provide a full release of claims in exchange for the $70,000 settlement check.

Garibaldi now contends that the settlement included the provision that payment would be made with no tax implications for him.[1] But, after reviewing the communications between the parties at the time of settlement, it is clear that Garibaldi's present claim is a new one and seeks to add a term never agreed to by the parties.

Garibaldi concedes that he never discussed tax responsibility issues during the 2007 negotiations with attorney Smith. It is, therefore, difficult to understand why Garibaldi now believes such a term was included. The best that Garibaldi has to offer is that Smith "should have known" of the prior negotiations that Garibaldi had with attorney Harris a year earlier when Garibaldi claims the tax-free settlement was discussed. It is clear, though, that whatever discussions occurred between Garibaldi and Harris never resulted in a binding settlement. In fact, negotiations ceased and Anixter filed a summary judgment motion. The subsequent negotiations took place almost a year after the initial discussions had terminated, leading to Anixter's summary judgment motion. Once the Court granted Anixter's motion for partial summary judgment, the landscape changed and Garibaldi's remaining claim against Anixter was reduced accordingly. I find no basis now to change the arrangement and direct Anixter to make an additional payment which the record demonstrates was never part of the settlement between Smith and Garibaldi.

---

[1] Although the parties do not dispute the enforceability of the August 22, 2007 oral settlement agreement but rather one of its provisions, the Court has nonetheless reviewed the agreement to ensure that, to the extent that its content is undisputed, it contains the necessary terms to give rise to a binding and enforceable oral contract between the parties, including an offer, acceptance, consideration, mutual assent and intent to be bound. I conclude that it does. *See Delaynis*, 465 F. Supp. 2d 170 at 173. *See generally Powell*, 497 F.3d 124, 129; *Winston v. Mediafare Entertainment Corp.*, 777 F.2d 78, 80-83 (2d Cir. 1986).

Simply put, regardless of whether Garibaldi requested that any settlement be "tax-free" when he spoke with Harris in July of 2006 -- what Garibaldi refers to as "Round 1" of the negotiations -- there is no basis in fact or law upon which the Court could conclude that the parties' "Round 1" settlement proposals and counter-proposals remained binding on the parties in August of 2007, after the initial negotiations had been discontinued, and then re-initiated under the direction of a different attorney.[2]

Indeed, due to the intervening dismissal of Garibaldi's cause of action for negligence, the claims sought to be resolved in 2007 were not even entirely the same claims that the parties had attempted to settle in 2006. Garibaldi admits that he never raised the issue again and made no mention to Smith that his offer to settle the case for $70,000 included the unusual provision that Anixter would somehow have to assume Garibaldi's tax liability for the settlement. While Garibaldi may now regret that his offer did not include such a term, that offer, once accepted, became binding on the parties, and no amount of "buyer's remorse" can effect its undoing. *See Wesley v. Correction Officer Badge #9417*, 2008 U.S. Dist. LEXIS 2 at *5-*6 (E.D.N.Y. 2008) (noting that "[w]hen a party makes a deliberate, strategic choice to settle, a court cannot relieve him of that choice simply because his assessment of the consequences were incorrect or because he had a change of mind," and that this maxim applies equally to *pro se* litigants), *citing United States v. Bank of New York*, 14 F.3d 756, 759 (2d Cir. 1994).

Garibaldi also objects to the written Settlement Agreement and Release provided by Anixter, and argues that it includes additional terms to which the parties did not agree during their verbal negotiations. The Court has thoroughly reviewed the Settlement Agreement and Release, and finds

---

[2] Garibaldi further requests that the Court enforce a different oral settlement agreement in the amount of $200,000, based on an offer which Anixter allegedly made in July of 2006. However, there is no evidence that Garibaldi ever accepted such an offer, or that either party memorialized that alleged agreement or ever took any steps to comply with its alleged terms. To the contrary, the parties never informed the Court that any such agreement had been reached, and continued to vigorously litigate the case for another year. As such, I find Garibaldi's allegations of an earlier settlement to be frivolous and unfounded.

that its provisions are overwhelmingly standard, "boilerplate" terms which do not expand the parties' undisputed oral agreement: a $70,000 payment to Garibaldi, in exchange for his complete release of all claims which were or could have been asserted in the underlying litigation. The lone exception is paragraph 6 of the Settlement Agreement, "Re-Employment with Anixter," which provides that Garibaldi will not seek future employment with Anixter or any of its related companies. (Dkt. #82, Exh. B at 2). There is no evidence that the parties discussed or agreed to such a term. As such, the Court will order that paragraph stricken from the written Settlement Agreement.

## CONCLUSION

Anixter's motion to compel enforcement of the parties' oral agreement to settle the case (Dkt. #80) is granted. The parties are ordered to execute the Settlement Agreement and Release of Claims within twenty (20) days from the date of entry of this Order, with the exception of paragraph 6, which will be stricken from the Agreement unless the parties mutually agree in writing that it be reinstated. Anixter is ordered to ensure that the $70,000 settlement check and attendant tax forms remain accessible to Garibaldi at the offices of its local counsel, the Adair Law firm. Plaintiff's motion to compel (Dkt. #84) is denied as moot. This action is hereby dismissed in its entirety, with prejudice, and the Clerk of Court is directed to close this case.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       January 31, 2008.